UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                                           :

HARRISON CRUIKSHANK,               :      Case No. 1:24-cv-06458(JPC)

                                 :

                      Plaintiff,    :
      v.                            :

                                 :

FIRST UNUM LIFE INSURANCE COMPANY and  :
PROVIDENT LIFE AND CASUALTY INSURANCE  :
COMPANY,                            :

                    Defendants.   :

                                 :
-------------------------------------------------------------------- x

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendants, First Unum Life Insurance Company ("First Unum") and Provident Life and Casualty Insurance Company ("Provident") (together, "Defendants") respond to Plaintiff Harrison Cruikshank's ("Plaintiff" or "McLaughlin") Complaint (Doc. 1) as follows:

As to the introductory section of the Complaint on Page 1 beginning "Plaintiff Harrison Cruikshank," this introductory section merely contains statements introducing the parties, and no answer is required. To the extent a response is necessary, however, Defendants deny Plaintiff's characterization of Defendants' alleged conduct as "unlawful conduct."

1.      Paragraph 1 of the Complaint states a legal conclusion and states the nature of relief Plaintiff seeks, and no response is required. To the extent a response is required, Defendants do not dispute that ERISA governs Plaintiff's claims, but Defendants deny that Plaintiff has any basis for or entitlement to any of the relief requested.

2.      Paragraph 2 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants do not dispute that the Court has subject matter jurisdiction over this action.

3.      Paragraph 3 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants do not challenge the venue in this action, but Defendants deny that any "breaches took place."

## MR. CRUIKSHANK'S PARTICIPATION IN THE LONG TERM DISABILITY PLAN[1]

4.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint, but admit that the administrative record pertaining to his claim ("Administrative Record") indicates that Plaintiff worked for Paul, Weiss, Rifkind, Wharton, and Garrison LLP ("Paul Weiss").

5.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint.

6.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint.

7.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the Complaint as pleaded, but First Unum admits that it issued group policy number 44561 001 ("First Unum Policy") to Paul Weiss as part of an employee benefit plan established and/or maintained by Paul Weiss. Defendants also admit that Plaintiff was a participant in the Paul, Weiss, Rifkind, Wharton & Garrison LLP Plan ("LTD Plan") at the time he claimed he became disabled. Defendants refer to

---

[1] Defendants include headings used in the Complaint merely for convenience; Defendants do not admit any allegations contained in these headings.

the original First Unum Policy and the LTD Plan ("LTD Plan Documents") for their true terms and conditions, as well as to the Administrative Record for its true and complete contents. Defendants admit that ERISA governs Plaintiff's claims, but deny that Plaintiff has any basis or entitlement to any of the relief requested.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint as pleaded, but admits that Plaintiff was a participant in the LTD Plan at the time he claimed he became disabled. Defendants refer to the LTD Plan Documents for their true terms and conditions, as well as to the Administrative Record for its true and complete contents.

10.      Paragraph 10 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants admit that the administrator of the LTD Plan is located in New York, and refer to the LTD Plan Documents for their true terms and conditions.

11.      Paragraph 11 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants admit that Paul Weiss delegated to First Unum and Unum Group discretionary authority to make benefit determinations under the LTD Plan. Defendants refer to the LTD Plan Documents for their true terms and conditions.

12.      Paragraph 12 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants refer to the LTD Plan Documents for their true terms and conditions.

13.      Paragraph 13 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants admit that ERISA governs the LTD Plan.

14.    Defendants deny the allegations in Paragraph 14 of the Complaint, but admit that First Unum insures LTD benefits under the terms and conditions of the First Unum Policy.

15.    Defendants deny that the allegations in Paragraph 15 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions, as well as to the Administrative Record for its true and complete contents.

16.    Defendants deny that the allegations in Paragraph 16 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions.

17.    Defendants deny that the allegations in Paragraph 17 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions.

18.    Defendants deny that the allegations in Paragraph 18 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions.

19.    Defendants deny that the allegations in Paragraph 19 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions.

20.    Defendants deny that the allegations in Paragraph 20 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions.

21.    Defendants deny that the allegations in Paragraph 21 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions.

22.    Defendants deny the allegations in Paragraph 22 of the Complaint.

### MR. CRUIKSHANK'S PARTICIPATION IN THE INDVIDUAL DISABILITY INCOME PLAN

23.    Defendants deny the allegations in Paragraph 23 as pleaded, but Provident admits that it issued individual policy number 36-0005217170 ("Provident Policy") to Plaintiff as part of an employee benefit plan established and/or maintained by Paul Weiss. Defendants refer to the original Provident Policy for its true terms and conditions.

24.    Defendants deny the allegations in Paragraph 24 of the Complaint as pleaded, but admit that Provident determines claims under the Provident Policy.

25.    Defendants deny that the allegations in Paragraph 25 of the Complaint as pleaded, but admit that Paul Weiss paid premiums for the Provident Policy.

26.    Defendants deny that the allegations in Paragraph 26 of the Complaint are a complete and accurate characterization of the Provident Policy, but admit that the Provident Policy was issued in New York.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint as pleaded.

28.    Defendants deny that the allegations in Paragraph 28 of the Complaint are a complete and accurate characterization of the Provident Policy, and Defendants refer to the original Provident Policy for its true terms and conditions.

29.    Defendants deny that the allegations in Paragraph 29 of the Complaint are a complete and accurate characterization of the Provident Policy, and Defendants refer to the original Provident Policy for its true terms and conditions.

30.     Defendants deny that the allegations in Paragraph 30 of the Complaint are a complete and accurate characterization of the Provident Policy, and Defendants refer to the original Provident Policy for its true terms and conditions.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

## THE *DE NOVO* STANDARD OF REVIEW

32.     Defendants deny the allegations in Paragraph 32 of the Complaint. Defendants refer to the LTD Plan Documents for their true terms and conditions.

33.     Defendants deny that the allegations in Paragraph 33 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, but admit that the LTD Plan Documents contain a grant of discretion to First Unum and Unum Group, and Defendants refer to the LTD Plan Documents for their true terms and conditions.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny that the allegations in Paragraph 35 of the Complaint are a complete and accurate characterization of the LTD Plan Documents, and Defendants refer to the LTD Plan Documents for their true terms and conditions, as well as to the Administrative Record for its true and complete contents.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint, but admit that the LTD Plan Documents contain a document titled "Additional Summary Plan Description Information," and Defendants refer to the LTD Plan Documents for their true terms and conditions.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    Defendants deny that the allegations in Paragraph 41 of the Complaint are a complete and accurate characterization of the Provident Policy, and Defendants refer to the original Provident Policy for its true terms and conditions.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the Complaint.

**UNUM FAILED TO STRICTLY ADHERE TO ERISA'S CLAIMS REGULATIONS AND FAILED TO PROVIDE MR. CRUIKSHANK WITH A FULL AND FAIR REVIEW**

45.    Defendants deny the allegations in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    Paragraph 47 cites a federal regulation and does not require a response.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants deny that the allegations in Paragraph 49 of the Complaint are a complete and accurate characterization of the Administrative Record and refer to the Administrative Record for its true and complete contents.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint are a complete and accurate characterization of the Administrative Record and refer to the Administrative Record for its true and complete contents.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants deny that the allegations in Paragraph 52 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Peter Brown, M.D. and Dr. Malcolm Spica, Ph.D. provided peer reviews related to Plaintiff's disability claims. Defendants further refer to the Administrative Record for its true and complete contents.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny that the allegations in Paragraph 54 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

55.     Defendants deny that the allegations in Paragraph 55 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

56.     Defendants deny that the allegations in Paragraph 56 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

57.     Paragraph 57 of the Complaint states a legal conclusion and no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 cites a federal regulation and does not require a response.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Paragraph 67 states a legal conclusion that does not require a response. To the extent a response is required, Defendants refer to 29 C.F.R. § 2560.503-1(l)(2)(i) for its true and correct language.

68.     Paragraph 68 states a legal conclusion that does not require a response. To the extent a response is required, Defendants refer to 29 C.F.R. § 2560.503-1(l)(2)(i) for its true and correct language.

69.     Paragraph 69 states a legal conclusion that does not require a response. To the extent a response is required, Defendants refer to 29 C.F.R. § 2560.503-1(l)(2)(i) for its true and correct language.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

## **MR. CRUIKSHANK'S REGULAR OCCUPATION**

71.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 71 of the Complaint, but admit that the Administrative Record indicates that Plaintiff as an associate attorney for Paul Weiss.

72.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint and refer to the Administrative Record for its true and complete contents.

73.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint and refer to the Administrative Record for its true and complete contents.

74.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint and refer to the Administrative Record for its true and complete contents.

75. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint and refer to the Administrative Record for its true and complete contents.

76. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint and refer to the Administrative Record for its true and complete contents.

77. Defendants deny that the allegations in Paragraph 77 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

78. Defendants deny that the allegations in Paragraph 78 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

79. Defendants deny that the allegations in Paragraph 79 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

80. Defendants deny that the allegations in Paragraph 80 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

81. Defendants deny that the allegations in Paragraph 81 of the Complaint are a complete and accurate characterization of the Administrative Records, but Defendants admit the Administrative Record contains a report from Amy Leopold, MS CRC, who routinely prepares reports for Plaintiff's attorneys. Defendants further refer to the Administrative Record for its true and complete contents.

82.     Defendants deny that the allegations in Paragraph 82 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

83.     Defendants deny that the allegations in Paragraph 83 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

84.     Defendants deny that the allegations in Paragraph 84 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

85.     Defendants deny that the allegations in Paragraph 85 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

86.     Defendants deny that the allegations in Paragraph 86 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

87.     Defendants deny that the allegations in Paragraph 87 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

88.     Defendants deny that the allegations in Paragraph 88 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

89.    Defendants deny that the allegations in Paragraph 89 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

90.    Defendants deny that the allegations in Paragraph 90 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

91.    Defendants deny that the allegations in Paragraph 91 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

92.    Defendants deny that the allegations in Paragraph 92 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

93.    Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    Defendants deny that the allegations in Paragraph 94 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

95.    Defendants deny the allegations in Paragraph 95 of the Complaint.

**MR. CRUIKSHANK'S BACKGROUND AND MENTAL ILLNESS DIAGNOSIS**

96.    Defendants deny that the allegations in Paragraph 96 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

97.    Defendants deny that the allegations in Paragraph 97 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

98.    Defendants deny that the allegations in Paragraph 98 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

99.    Defendants deny that the allegations in Paragraph 99 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that the Administrative Record indicates that Plaintiff stopped working on or about February 10, 2021. Defendants further refer to the Administrative Record for its true and complete contents.

100.    Defendants deny that the allegations in Paragraph 100 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that the Administrative Record indicates that Plaintiff filed a claim for long term disability benefits ("LTD Claim") and a claim for Individual Disability Insurance benefits ("IDI Claim") (collectively, the "Claims") that alleged he became disabled on February 10, 2021. Defendants further refer to the Administrative Record for its true and complete contents.

101.    Defendants deny that the allegations in Paragraph 101 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that First Unum notified Plaintiff by letter dated September 2, 2021 that Plaintiff's Claims were approved. Defendants further refer to the Administrative Record for its true and complete contents.

102.    Defendants deny that the allegations in Paragraph 102 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that

Plaintiff was paid benefits for his Claims as of August 9, 2021. Defendants further refer to the Administrative Record for its true and complete contents.

103.    Defendants deny that the allegations in Paragraph 103 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint. Defendants further refer to the Administrative Record for its true and complete contents.

105.    Defendants deny that the allegations in Paragraph 105 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that First Unum terminated Plaintiff's benefits for his Claims on August 30, 2023. Defendants further refer to the Administrative Record for its true and complete contents.

106.    Defendants deny that the allegations in Paragraph 106 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that First Unum terminated the waiver of premium as of August 30, 2023. Defendants further refer to the Administrative Record for its true and complete contents.

107.    Defendants deny that the allegations in Paragraph 107 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

108.    Defendants deny that the allegations in Paragraph 108 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

109.    Defendants deny that the allegations in Paragraph 109 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny that the allegations in Paragraph 111 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Alex Ursprung, Ph.D., and Dr. Stephen Gilman, M.D., provided peer reviews related to Plaintiff's Claims. Defendants further refer to the Administrative Record for its true and complete contents.

112.    Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    Defendants deny that the allegations in Paragraph 113 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Ursprung provided a peer review dated August 9, 2023. Defendants further refer to the Administrative Record for its true and complete contents.

114.    Defendants deny that the allegations in Paragraph 114 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Ursprung's report was part of the totality of evidence that Defendants considered, and Defendants refer to the Administrative Record for its true and complete contents.

115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    Defendants deny that the allegations in Paragraph 117 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that

Dr. Gilman provided a peer review dated August 25, 2023. Defendants further refer to the Administrative Record for its true and complete contents.

118.    Defendants deny that the allegations in Paragraph 118 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

119.    Defendants deny that the allegations in Paragraph 119 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Ursprung's report was part of the totality of evidence that Defendants considered, and Defendants refer to the Administrative Record for its true and complete contents.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

### MR. CRUIKSHANK FILED AN ADMINISTRATIVE APPEAL

122.    Defendants deny that the allegations in Paragraph 122 of the Complaint are a complete and accurate characterization of the Administrative Record, but admit that Plaintiff filed an appeal of the denial of his Claims by letter dated February 26, 2024. Defendants further refer to the Administrative Record for its true and complete contents.

123.    Defendants deny the allegations in Paragraph 123 of the Complaint, but admit that that Plaintiff appealed the adverse benefits determinations and submitted additional evidence. Defendants refer to the Administrative Record for its true and complete contents.

124.    Defendants deny the allegations in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint, but admit that that Plaintiff appealed the adverse benefits determinations and submitted additional evidence. Defendants refer to the Administrative Record for its true and complete contents.

126.    Defendants deny that the allegations in Paragraph 126 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Shannon O'Kelly, M.Ed., CRC, provided a Vocational Analysis, Meagan M. Yeaton, RN, BSN, provided a Medical File Review, and Dr. Brown and Dr. Spica provided peer reviews related to Plaintiff's Claims. Defendants further refer to the Administrative Record for its true and complete contents.

127.    Defendants deny that the allegations in Paragraph 127 of the Complain are a complete and accurate characterization of the Administrative Record, but Defendants admit that Unum provided copies of the reports of Ms. O'Kelly, Ms. Yeaton, Dr. Brown and Dr. Spica to Plaintiff by letter dated March 21, 2024.

128.    Defendants deny that the allegations in Paragraph 128 of the Complaint are a complete and accurate characterization of the Administrative Record, but admit that Plaintiff submitted a letter dated April 19, 2024, and refer to the Administrative Record for its true and complete contents.

129.    Defendants deny that the allegations in Paragraph 129 of the Complaint are a complete and accurate characterization of the Administrative Record, but admit that Plaintiff submitted a letter dated April 24, 2024, and refer to the Administrative Record for its true and complete contents.

130.    Defendants deny that the allegations in Paragraph 130 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Unum provided copies of addendum responses from Dr. Spica and Dr. Brown by letter dated May 2, 2024. Defendants further refer to the Administrative Record for its true and complete contents.

131.    Defendants deny that the allegations in Paragraph 131 of the Complaint are a complete and accurate characterization of the Administrative Record, but admit that Plaintiff submitted a letter dated May 30, 2024, and refer to the Administrative Record for its true and complete contents.

132.    Defendants deny that the allegations in Paragraph 132 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Unum provided copies of addendum responses from Dr. Spica and Dr. Brown by letter dated June 6, 2024. Defendants further refer to the Administrative Record for its true and complete contents.

133.    Defendants deny that the allegations in Paragraph 133 of the Complaint are a complete and accurate characterization of the Administrative Record, but admit that Plaintiff submitted a letter dated June 13, 2024, and refer to the Administrative Record for its true and complete contents.

134.    Defendants deny that the allegations in Paragraph 134 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that Unum provided a copy of an addendum response from Dr. Brown by letter dated June 14, 2024. Defendants further refer to the Administrative Record for its true and complete contents.

135.    Defendants deny that the allegations in Paragraph 135 of the Complaint are a complete and accurate characterization of the Administrative Record, but admit that Plaintiff submitted a letter dated June 20, 2024, and refer to the Administrative Record for its true and complete contents.

136.    Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    Defendants deny that the allegations in Paragraph 138 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants admit that First Unum notified Plaintiff of its decision to uphold its termination of Plaintiff's benefits for his Claims by letter dated June 25, 2024. Defendants further refer to the Administrative Record for its true and complete contents.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    Paragraph 141 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants refer to the Administrative Record for its true complete contents.

### THE MEDICAL EVIDENCE DEMONSTRATES MR. CRUIKSHANK CANNOT MEET THE DEMANDS OF HIS OCCUPATION

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Defendants deny that the allegations in Paragraph 143 of the Complaint are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

144.    Defendants deny that the allegations in Paragraph 144 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

145.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 145 of the Complaint.

146.    Defendants deny that the allegations in Paragraph 146 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

147.    Defendants deny that the allegations in Paragraph 147 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

148.    Defendants deny that the allegations in Paragraph 148 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

149.    Defendants deny that the allegations in Paragraph 149 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Shaylan Govind, M.D. provided an Attending Physician Statement dated June 27, 2023. Defendants further refer to the Administrative Record for its true and complete contents.

150.    Defendants deny that the allegations in Paragraph 150 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Govind provided a letter dated February 20, 2024 that Plaintiff submitted in support of his appeal. Defendants further refer to the Administrative Record for its true and complete contents.

151.    Defendants deny that the allegations in Paragraph 151 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Govind provided a letter dated April 23, 2024 that Plaintiff submitted in support of his appeal. Defendants further refer to the Administrative Record for its true and complete contents.

152.    Defendants deny that the allegations in Paragraph 152 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

153.    Defendants deny that the allegations in Paragraph 153 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

154.    Defendants deny that the allegations in Paragraph 154 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

155.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 155 of the Complaint.

156.    Defendants deny that the allegations in Paragraph 156 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Kin Cheong "Michael" Tsui provided a letter dated May 28, 2024 that Plaintiff submitted in support of his appeal. Defendants further refer to the Administrative Record for its true and complete contents.

157.    Defendants deny that the allegations in Paragraph 157 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

158.    Defendants deny that the allegations in Paragraph 158 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

159.    Defendants deny that the allegations in Paragraph 159 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

160.    Defendants deny that the allegations in Paragraph 160 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

161.    Defendants deny that the allegations in Paragraph 161 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

162.    Defendants deny that the allegations in Paragraph 162 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Tsui provided a letter dated June 13, 2024 that Plaintiff submitted in support of his appeal. Defendants further refer to the Administrative Record for its true and complete contents.

163.    Defendants deny that the allegations in Paragraph 163 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

164.    Defendants deny that the allegations in Paragraph 164 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

165.    Defendants deny that the allegations in Paragraph 165 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

166.    Defendants deny that the allegations in Paragraph 166 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

167.    Defendants deny that the allegations in Paragraph 167 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

168.    Defendants deny that the allegations in Paragraph 168 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

169.    Defendants deny that the allegations in Paragraph 169 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

170.    Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the Complaint.

171.    Defendants deny that the allegations in Paragraph 171 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Erin Hooks, Med, RP, HST, provided a letter dated June 19, 2024 that Plaintiff submitted in support of his appeal. Defendants further refer to the Administrative Record for its true and complete contents.

172.    Defendants deny that the allegations in Paragraph 172 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

173.    Defendants deny that the allegations in Paragraph 173 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

174.    Defendants deny that the allegations in Paragraph 174 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

175.    Defendants deny that the allegations in Paragraph 175 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

176.    Defendants deny that the allegations in Paragraph 176 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Plaintiff submitted a report from Wilfred G. van Gorp, Ph.D., ABPP, who routinely prepares reports for Plaintiff's attorneys. Defendants further refer to the Administrative Record for its true and complete contents.

177.    Defendants deny that the allegations in Paragraph 177 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

178.    Defendants deny that the allegations in Paragraph 178 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

179.    Defendants deny that the allegations in Paragraph 179 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

180.    Defendants deny that the allegations in Paragraph 180 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

181.    Defendants deny that the allegations in Paragraph 181 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

182.    Defendants deny that the allegations in Paragraph 182 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

183.    Defendants deny that the allegations in Paragraph 183 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. van Gorp provided a letter dated March 24, 2024 that Plaintiff submitted in support of his appeal. Defendants further refer to the Administrative Record for its true and complete contents.

184.    Defendants deny that the allegations in Paragraph 184 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

185.    Defendants deny that the allegations in Paragraph 185 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

186.    Defendants deny that the allegations in Paragraph 186 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

187.    Defendants deny that the allegations in Paragraph 187 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

188.    Defendants deny that the allegations in Paragraph 188 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Plaintiff submitted a report of an April 1, 2024 examination. Defendants further refer to the Administrative Record for its true and complete contents.

189.    Paragraph 189 of the Complaint quotes to a report and a website, and so no response is required. To the extent a response is required, Defendants refer to the report and website cited by Plaintiff for their true and complete contents.

190.    Defendants deny that the allegations in Paragraph 190 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

191.    Defendants deny that the allegations in Paragraph 191 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

192.    Defendants deny that the allegations in Paragraph 192 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

193.    Defendants deny that the allegations in Paragraph 193 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

194.    Defendants deny that the allegations in Paragraph 194 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

195.    Defendants deny that the allegations in Paragraph 195 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

196.    Defendants deny that the allegations in Paragraph 196 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

197.    Defendants deny that the allegations in Paragraph 197 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

198.    Defendants deny that the allegations in Paragraph 198 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

199.    Defendants deny that the allegations in Paragraph 199 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

200.    Defendants deny that the allegations in Paragraph 200 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

201.    Defendants deny that the allegations in Paragraph 201 are a complete and accurate characterization of the Administrative Record, but Defendants admit that Dr. Andrew Lee provided notes dated October 20, 2023, regarding Plaintiff's October 19, 2023 visit to the General Assessment Clinic at St. Michael's Hospital, which Plaintiff submitted in support of his appeal. Defendants further refer to the Administrative Record for its true and complete contents.

202.    Defendants deny that the allegations in Paragraph 202 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

203.    Defendants deny that the allegations in Paragraph 203 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

204.    Defendants deny that the allegations in Paragraph 204 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

205.    Defendants deny that the allegations in Paragraph 205 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

206.    Defendants deny that the allegations in Paragraph 206 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

207.    Defendants deny that the allegations in Paragraph 207 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

208.    Defendants deny that the allegations in Paragraph 208 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

209.    Defendants deny that the allegations in Paragraph 209 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

210.    Defendants deny that the allegations in Paragraph 210 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

211.    Defendants deny that the allegations in Paragraph 211 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

212.    Defendants deny that the allegations in Paragraph 212 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

213.    Defendants deny that the allegations in Paragraph 213 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

214.    Defendants deny that the allegations in Paragraph 214 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

215.    Defendants deny that the allegations in Paragraph 215 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

216.    Defendants deny that the allegations in Paragraph 216 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

217.    Defendants deny that the allegations in Paragraph 217 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

218.    Defendants deny that the allegations in Paragraph 218 are a complete and accurate characterization of the Administrative Record, but Defendants refer to the Administrative Record for its true and complete contents.

## COUNT I (LTD PLAN)

219.    Defendants incorporates Paragraph 1 through 218 of the above as if fully set forth herein.

220.    Defendants deny the allegations in Paragraph 220 of the Complaint.

221.    Defendants deny that the allegations in Paragraph 221 are a complete and accurate characterization of the LTD Plan Documents, but Defendants refer to the LTD Plan Documents for their true terms and conditions.

222.    Defendants deny the allegations in Paragraph 222 of the Complaint.

223.    Defendants deny the allegations in Paragraph 223 of the Complaint.

224.    Defendants deny the allegations in Paragraph 224 of the Complaint.

225.    Defendants deny the allegations in Paragraph 225 of the Complaint.

226.    Defendants deny the allegations in Paragraph 226 of the Complaint.

227.    Defendants deny the allegations in Paragraph 227 of the Complaint.

## COUNT II (IDI PLAN)

228.    Defendants incorporate Paragraphs 1 through 227 of the above as if fully set forth herein.

229.    Defendants deny the allegations in Paragraph 229 of the Complaint.

230.    Defendants deny that the allegations in Paragraph 230 are a complete and accurate characterization of the Provident Policy, but Defendants refer to the Provident Policy for its true terms and conditions, and Defendants further refer to the Administrative Record for its true and complete contents.

231.    Defendants deny the allegations in Paragraph 231 of the Complaint.

232.    Defendants deny the allegations in Paragraph 232 of the Complaint.

233.    Defendants deny the allegations in Paragraph 233 of the Complaint.

234.    Defendants deny the allegations in Paragraph 234 of the Complaint.

235.    Defendants deny the allegations in Paragraph 235 of the Complaint.

236.    Defendants deny the allegations in Paragraph 236 of the Complaint.

## COUNT III (ATTORNEY FEES AND COSTS)

237.    Defendants incorporate Paragraphs 1 through 236 of the above as if fully set forth herein.

238.    Defendants deny the allegations in Paragraph 238 of the Complaint.

239.    Defendants deny the allegations in Paragraph 239 of the Complaint.

As to the section of the Complaint on Page 46 beginning "**WHEREFORE**, Mr. Cruikshank demands judgement . . .," this section merely contains statements of the nature of relief Plaintiff seeks, and no answer is required. To the extent a response is necessary, however, Defendants deny

that Plaintiff has any basis for or entitlement to any of the relief requested, inclusive of the relief requested in subparagraphs A through F on Page 46 of the Complaint.

Any other allegations of the Complaint that are not specifically admitted herein are denied.

## DEFENSES

For its defenses, Defendants allege, without assuming any burden of proof that would otherwise rest on Plaintiff, as follows:

1.      Defendants have complied with and performed all of their respective obligations and duties under the First Unum Policy and the Provident Policy (collectively, the "Policies"), ERISA and all applicable regulations.

2.      Plaintiff's claims are barred for failure to comply with the terms and conditions of the Policies.

3.      Plaintiff's claims are barred based on a failure to mitigate damages.

4.      Plaintiff's claims are barred, in whole or in part, from recovery on the ground that Defendants have discharged their obligations to Plaintiff.

5.      Because the governing Plan Documents afford full discretionary authority, the Court should apply the arbitrary and capricious standard of review. Defendants' decisions and actions with respect to Plaintiff's claims were neither arbitrary nor capricious but were correct, legitimate, and reasonable.

6.      If the Court determines that either Defendant materially erred in administering Plaintiff's claim, which is denied, then the Court should remand the claim to the appropriate Defendant for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

7.      Plaintiff's claims are limited in this action to a review by this Court, without any jury, of the Administrative Record, the Policies and appropriate plan documents, so as to determine whether Defendants' determination regarding Plaintiff's LTD Claim and IDI Claim was arbitrary and capricious and/or an abuse of discretion, and/or correct.

8.      To the extent that Plaintiff claims, or seeks a ruling or declaration entitling him to future benefits, ancillary benefits, or extra-contractual damages, such relief is not permitted by ERISA.

9.      Plaintiff has no claim for payment of attorneys' fees under ERISA because Defendants' handling of Plaintiff's claims was reasonable and all actions in the handling of the claims were taken in good faith.

10.     Plaintiff is not entitled under any circumstances to an award of attorneys' fees or costs incurred prior to the commencement of this action.

11.     While Defendants' deny that Plaintiff is eligible for any additional benefits under the Policies, should Plaintiff recover any benefits, such benefits are subject to all the applicable terms, conditions, exclusions, overpayment recovery, and offset provisions provided for in the Policies, including but not limited to offsets for other income benefits.

Defendants reserve the right to rely upon such other and further affirmative defenses as may be supported by the facts as the case progresses.

**WHEREFORE,** Defendants First Unum Life Insurance Company and Provident Life and Casualty Insurance Company demand judgment dismissing the Complaint, and awarding them such other and further relief as the Court deems fair and equitable.

Dated: October 28, 2024

**ROBINSON & COLE LLP**

By: */s/ Patrick W. Begos*
    Patrick W. Begos
    1055 Washington Boulevard
    Stamford, CT 06901
    Tel. No.: (203) 462-7500
    Fax No.: (203) 462-7599
    Email: pbegos@rc.com

*Attorneys for Defendants*